UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD L. BARRETT,

       CASE NO. 05-72341
   Plaintiff,        HON. LAWRENCE P. ZATKOFF

vs.

DETROIT HEADING, LLC, a
Michigan limited liability company,

   Defendant.
_____/

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Detroit Heading, LLC's ("Defendant") Motion to Stay Execution of Judgment Pending Appeal (Docket #45). Plaintiff has filed a response and Defendant has replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted.

**II. BACKGROUND**

Following a trial at which the jury rendered a verdict in favor of Plaintiff, the Court entered judgment in favor of Plaintiff in the amount of $95,970.18. That sum was based on (1) Plaintiff being awarded $45,000 in damages pursuant to the jury's verdict; (2) the Court awarding Plaintiff $46,257.00 for attorney fees; and (3) the Court awarding Plaintiff $4,713.18 in costs. Once the Court

entered judgment, Defendant filed (a) a Notice of Appeal with the Sixth Circuit Court of Appeals, and (b) the instant motion seeking to stay the enforcement of judgment until the appeal is decided.

## III. ANALYSIS

Rule 62(d) of the Federal Rules of Civil Procedure states that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay [of proceedings to enforce a judgment]." FED. R. CIV. P. 62(d). Thus, an appellant is entitled to a stay pending appeal as a matter of right. *Am. Manuf. Mutual Ins. Co. v. Am. Broadcasting-Paramount Theaters, Inc.*, 87 S. Ct. 1, 3 (1966). However, this right to a stay is expressly contingent upon the posting of a court-approved supersedeas bond. *Enserch Corp. v. Shand Morahan and Co.*, 918 F.2d 462, 463-64 (5th Cir. 1990). *See also Arban v. West Pub. Corp.*, 345 F.3d 390 (6th Cir. 2005) (the supersedeas bond must be satisfactory in its protection of the appellee's interests). Accordingly, the Court finds that Defendant is entitled to a stay pending appeal if the supersedeas bond amount is satisfactory.

Defendant proposes posting a supersedeas bond in the amount of $110,000, which Defendant believes will cover the Judgment awarded to Plaintiff because it takes into account the underlying judgment of $95,970.18), post-judgment interest of $9,800 (for two years at the rate of 4.98%) and appellate costs of $1,000 (for a total of $107,000). Plaintiff asserts that $110,000 does not adequately protect his interests because (1) the interest rate is too low, (2) the proposed amount does not take into account attorney fees that will be incurred on appeal, and (3) the amount of appellate costs will be closer to $2,000 than $1,000. Plaintiff argues that post-judgment interest should be compounded at the current prime rate of (8.25%) (for a two-year compounded interest amount of $16,488.28). Plaintiff also argues that it will cost him $25,000 to $35,000 for attorney fees on

2

appeal and that such amount (because attorney fees are mandatory on the underlying FMLA claim in this case) should be reflected in determining a satisfactory amount for the supersedeas bond. Plaintiff therefore asks the Court to deny Defendant's motion unless Defendant posts a supersedeas bond of at least $144,458.46.

The Court first finds that the interest rate of 4.98% relied on by the Defendant is an acceptable rate. 28 U.S.C. § 161(a) provides, in relevant part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. ... Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week proceeding.

In reviewing the average 1-year constant maturity Treasury yield for the week preceding the entry of judgment (week of June 1, 2007), the Court finds that the applicable rate was actually 4.96%, which is slightly lower than the rate proposed by Defendants (the rate for June 1, 2007 itself was 4.98%). Second, whether the appellate costs will be $1,000 or $2,000, Defendant built in an additional $3,000 when proposing the supersedeas bond amount. Accordingly, the Court concludes that the interest rate and estimate of costs proposed by Defendant are reasonable.

The Court now turns to the issue of whether appellate attorney fees must be awarded if Plaintiff prevails on Defendant's appeal. Plaintiff relies on 29 U.S.C. § 2617(a)(3), which provides that a plaintiff is entitled to recover attorney fees as a matter of right in an FMLA action. Defendant counters that the Sixth Circuit has determined that an award of appellate attorney fees is discretionary and may be awarded when the appellate court considers the award appropriate. *See Saglimbene v. Venture Indus. Corp.*, 895 F.2d 1414 (6th Cir. 1990) (Table) (denying appellate attorney fees in a Fair Labor Standards Act ("FLSA") case because the issues raised on appeal were

"not particularly complex" after noting that the FLSA does not expressly provide for the award of attorney fees and costs on appeal).

The Court found no case law that expressly states that appellate attorney costs are to be included, or are not to be included, when setting the amount of a supersedeas bond pursuant to Fed. R.Civ.P.62(d) and the appeal is of a successful FMLA claim. In a number of cases where there was an appeal of a successful FMLA claim, however, the amount of the supersedeas bond required by the district court did not include the potential cost of appellate attorney fees. *See, e.g., Hoge v. Honda of America, Mfg., Inc.*, 2003 WL 1338227 (S.D. Ohio; Case No. 00-CV-995) (March 3, 2003) (supersedeas bond amount included only damages, costs and attorney fees incurred at trial level). In addition, a Court can, in its discretion, grant a stay of execution of judgment without the posting of any supersedeas bond, particularly where the Court finds that the defendant can satisfy the judgment. *See Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citations and internal quotations omitted) (no supersedeas bond required at all in cases where "stays [are] granted by the court in accordance with its discretion").

In light of existing law and for the reasons set forth above, the Court finds that the amount of supersedeas bond proposed by Defendant ($110,000) is satisfactory. The Court therefore will grant Defendant's Motion to Stay upon the timely posting of a supersedeas bond in the amount of $110,000.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant post a supersedeas bond in the amount of $110,000 within 14 days of the date of this Opinion and Order. IT IS FURTHER ORDERED that upon Defendant doing so, Defendant's Motion to Stay shall be GRANTED and execution of the judgment in this matter shall be stayed pending a decision of Defendant's appeal by the Sixth Circuit.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 10, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 10, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290