UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD L. BARRETT,

      Plaintiff,

CASE NO. 05-72341
HON. LAWRENCE P. ZATKOFF

vs.

DETROIT HEADING, LLC, a
Michigan limited liability company,

      Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 23, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Amend Judgment to Include Attorney Fees and Costs on Appeal (Docket #67). Defendant Detroit Heading, LLC ("Defendant") has responded, and Plaintiff has filed a reply. The Court finds that the facts and legal arguments pertinent to the motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

### II. BACKGROUND

Plaintiff instituted this action under the Family & Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), following his termination from employment with Defendant. Defendant, through its corporate vice president for human resources, Carolyn Hampton

("Hampton"), terminated Plaintiff's employment because he was absent from work on November 1, 2004. This case was tried before a jury on September 12, 13, 14, and 15, 2006, and the jury returned a verdict finding:

(1) Plaintiff had a serious health condition;

(2) Hampton did not violate the FMLA;

(3) Plaintiff provided sufficient notice to Defendant that his absence on November 1, 2004, was for a potentially FMLA qualifying reason;

(4) Defendant violated the FMLA by terminating Plaintiff's employment on November 2, 2004;

(5) Defendant acted in good faith when terminating Plaintiff;

(6) Plaintiff was entitled to $45,000 in damages for the period from November 2, 2004, to the date of verdict; and

(7) Plaintiff would not suffer any future damages as a result of his termination.

On June 7, 2007, the Court denied Defendant's motion for judgment as a matter of law, awarded Plaintiff $46,257.00 in attorney fees and $4,713.18 in costs, and entered judgment. After considering Defendant's appeal, the Sixth Circuit affirmed the Court's decisions and judgment. The Sixth Circuit also granted Plaintiff's motion for appellate attorney fees and costs but remanded the matter to this Court "for a determination of a reasonable amount." Plaintiff now moves to amend the Judgment to include the attorney fees and costs incurred on appeal.

### III. ANALYSIS

Plaintiff seeks to amend the Judgment to include appellate attorney fees totaling $18,945.50 and costs in the amount of $1,943.39. Plaintiff requests appellate attorney fees of $3,383.00 for his trial counsel, Joey Niskar, based on 19.9 hours at $170.00 an hour. Plaintiff also requests appellate attorney fees of $15,562.50 for his appellate counsel, Donald Fulkerson, based on 62.25 hours at $250.00 an hour. Defendant asks the Court to reduce the amounts claimed by Plaintiff because: (1) Plaintiff claimed too much time for Mr. Fulkerson to learn a file with which Mr. Niskar was intimately familiar; (2) it was not reasonable to assess "double" fees for Mr. Niskar and Mr.

2

Fulkerson to participate in a telephonic mediation conference and attend oral argument on the appeal; (3) the hourly rate for Mr. Fulkerson is excessive; and (4) Mr. Niskar's practice of billing in increments of .2 hours is unreasonably excessive.

### A.   Reasonableness of Attorney Fees and Costs - Legal Standard

In any action or proceeding to enforce a provision of 29 U.S.C. § 2617, "the court in such action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee . . . and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). In determining what constitutes a reasonable fee, the Supreme Court has held that the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is known as the lodestar method. The Supreme Court has further held that the fee applicant must produce evidence "to justify the reasonableness of the requested rate." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). In *Northcross v. Board of Education*, the Sixth Circuit held that the district court should look to the prevailing market rate to determine the reasonableness of the requested rate. *See Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir. 1979). The Sixth Circuit also has stated:

> Generally, a "strong presumption" favors the prevailing lawyer's entitlement to his lodestar fee. Accordingly, "modifications are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts.'"

*Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343 (6th Cir. 2000) (citations omitted).

### B.   Mr. Fulkerson's Time

Defendant objects to the payment of fees for time spent by Mr. Fulkerson reading the file to learn the facts and history of this case because such facts and history were already known to Mr. Niskar. Defendant does not, however, cite any authority to support its position that it is unreasonable to request fees for newly-hired appellate counsel. Moreover, the Court finds that this is a standard practice, as many trial practitioners do not handle appellate issues and turn the files over to appellate counsel. Defendant also objects to the 34 hours claimed by Mr. Fulkerson to

"Draft appellee brief" as not being specific enough. The reasonableness of time expended by Mr. Fulkerson to draft the appellee brief has a direct correlation to the appellant brief filed by Defendant (*i.e.,* Mr. Fulkerson's had to draft a brief which responded to Defendant's arguments set forth in its brief on appeal). After reviewing Defendant's appellate brief and the arguments set forth therein, the Court concludes that 34 hours to draft the appellee brief was reasonable. The Court also finds that all of the time claimed for work performed by Mr. Fulkerson is reasonable.

**C.    Double Attorney Time**

Defendant objects to Plaintiff's request for fees for Mr. Niskar and Mr. Fulkerson on a telephonic mediation conference on July 31, 2007. Defendant also objects to Plaintiff's request for 12 hours of fees for Mr. Niskar to drive to and from Cincinnati, Ohio, together with a meal and a hotel in conjunction with the oral argument on this case, because the oral argument was handled by Mr. Fulkerson. Plaintiff contends that the use of two attorneys to jointly handle a case is appropriate and that Mr. Niskar conferred with Mr. Fulkerson prior to and during oral argument, particularly for purposes of rebutting Defendant's arguments.

The Court agrees with Defendant with respect to many of the fees claimed with respect to Mr. Niskar. As noted above, it was reasonable for Plaintiff to hire appellate counsel. In addition, it was also reasonable for Mr. Niskar and Mr. Fulkerson to discuss what had occurred in the course of the case and at trial, as well as to discuss strategy for appeal. The Court concludes, however, that as Mr. Fulkerson read the file, wrote the appellee brief and argued the appeal, it would not be reasonable to make Defendant pay for Mr. Niskar's fees to participate on the telephonic mediation conference or attend oral argument on this matter, just as a client would not consider such efforts reasonable or necessary. The Court will not reduce the 2.3 hours claimed for review of the file and discussion of oral argument strategy with Mr. Fulkerson on December 4, 2008. The Court finds that it was reasonable for Mr. Niskar to review the file and discuss oral argument strategy with Mr. Fulkerson prior to oral argument.

Accordingly, the Court shall reduce the hours claimed by Mr. Niskar by 11.5 hours (2 hours

4

on 7/31/07 for the telephonic mediation; 4 hours on 12/3/08 for travel to Cincinnati; 1.5 hours on 12/4/08 for travel to and attendance at oral argument; and 4 hours on 12/4/08 for travel from Cincinnati).

**D.     Mr. Fulkerson's Hourly Rate**

In deciding Plaintiff's post-trial motion for attorney fees, the Court concluded that the reasonable fee for Mr. Niskar was $170 an hour. Defendant does not challenge the continuation of that rate for Mr. Niskar. Plaintiff seeks $250 an hour for the work performed by Mr. Fulkerson and states that Mr. Fulkerson "can readily charge $250.00 an hour" based on his 25 years of experience, the fact that he is an appellate specialist and the fact that he "is a leading appellate attorney in this state[.]" Defendant argues that $250 an hour for Mr. Fulkerson is not reasonable, especially as Plaintiff has not expressed to the Court the manner in which Mr. Fulkerson is being compensated. Defendant acknowledged that $180 an hour would be a reasonable rate for Mr. Fulkerson with respect to this appeal.

Neither party provided the Court with the market rate for a Michigan attorney providing appellate services in this type of case. The burden to demonstrate the reasonableness of the requested fee is on Plaintiff. *See Blum v. Stevenson*, 465 U.S. 886, 896 (1984). Plaintiff has offered no evidence that $250 an hour is reasonable for this type of work, even when Defendant's response challenged that amount. Therefore, based on Defendant's acknowledgment that $180 an hour is a reasonable rate (and the Court's previous conclusion that $170 was a reasonable rate in 2007), the Court finds that $180 an hour is a reasonable rate for the services provided by Mr. Fulkerson.

**E.     Mr. Niskar's Incremental Billing**

As it did previously, Defendant challenges Mr. Niskar's practice of billing in increments of .2 hours. Again, the Court agrees with Plaintiff that .2 hours is a standard billing practice in the industry. In assessing attorney fees, however, the Court is to award attorney fees only for the time and work that is reasonably expended by Plaintiff's counsel. Therefore, the Court does not believe that it is appropriate to mandate that Defendant pay Plaintiff attorney fees for every .2 increment

billed by Plaintiff's counsel simply because that is the manner in which Plaintiff's counsel elected to enter his time. Once again, the Court shall award attorney fees only for such time as was reasonably expended by Plaintiff's counsel.

With respect to the appeal, Defendant challenges four separate entries of .2 hour by Mr. Niskar. As to the entry on June 27, 2007, for receipt and review of the case-opening letter from the Sixth Circuit, the Court concludes that .1 hour is reasonable. With respect to the e-mail to Mr. Fulkerson regarding the conclusion of the telephonic mediation conference on July 31, 2007, the Court agrees that this e-mail was unnecessary as both attorneys were on the call. In light of the fact that the Court has struck the time claimed by Plaintiff for Mr. Niskar's participation on such call, however, the Court shall not reduce this amount.

Finally, the Court addresses the two challenged entries for June 22, 2007. One entry is for receipt and review of Defendant's notice of appeal, and one entry is for receipt and review of Defendant's "receipt of appeal fee." Although these are two separate "documents" and are entered on the docket as such, each is but a single page containing a single sentence or paragraph of standard notification language for a case appealed to the Sixth Circuit. Thus, it is not reasonable to charge a client (or that an adverse party would be asked to pay) for 24 minutes of "work performed" for what would take counsel less than 5 minutes total to review, consider and file, especially as both documents were received and reviewed on the same day. For that reason, the Court strikes both of the challenged .2 hour entries for June 22, 2007.

Accordingly, and for the reasons set forth above, the Court reduces Mr. Niskar's time by .5 hour for unreasonable incremental billing.

**F.     Attorney Fee Award**

Based on: (1) the billed hours reasonably expended by Mr. Niskar on appeal (7.9); (2) the reasonable billing rate for Mr. Niskar ($170); (3) the billed hours reasonably expended by Mr. Fulkerson on appeal (62.25); and (4) the reasonable billing rate for Mr. Fulkerson ($180), the Court will award a total of $12,548.00 for attorney fees.

**G.      Costs**

Plaintiff's request for costs totaling $1,943.39 includes expenditures attributable to both Mr. Niskar and Mr. Fulkerson.  The only costs Defendant challenges as unreasonable are the expenses associated with Mr. Niskar's travel to Cincinnati for the oral argument.  In reviewing the costs requested, however, the Court notes that there is only one claim for mileage each way (*i.e.*, for one car rather than two) and a claim for a single meal, each of which is reasonable because one trip would have been made and billed whether or not Mr. Niskar went to Cincinnati.  In light of the Court's conclusion that Mr. Niskar's presence in Cincinnati was unnecessary, the second hotel room in Cincinnati on the night of December 3, 2008, was unnecessary and therefore unreasonable.  For those reasons, the Court reduces the costs requested by Plaintiff by $136.40 (one-half of the amount claimed for lodging).  As to the uncontested filing fees, copying fees, transcript costs and other miscellaneous costs claimed by Plaintiff, the Court concludes that such expenses are reasonable. Accordingly, the Court finds that $1,806.99 of the appellate costs claimed by Plaintiff are reasonable.

**D.      Conclusion**

For the foregoing reasons, the Court awards Plaintiff $12,548.00 for attorney fees and $1,806.99 in costs, which amounts shall be added to the prior judgment amount of $95,970.18. Accordingly, an amended judgment shall be entered in favor of Plaintiff in the amount of $110,325.17.

## VII.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion to Amend Judgment to Include Attorney Fees and Costs on Appeal is GRANTED IN PART and DENIED IN PART.  An amended judgment shall be entered accordingly.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  October 23, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 23, 2009.


S/Marie E. Verlinde
Case Manager
(810) 984-3290